NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 0:10-CV-00035-HRW

SHAWN DAVIS                                                                  PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

J.C. HOLLAND, Warden                                            RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Shawn Davis, a prisoner currently confined in the Federal Prison Camp in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition is now before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms,* 2002 WL 31388736, \*1 (6th Cir. 2002).[1] For the reasons set forth below, the Court will transfer this proceeding to the District Court where the Petitioner pled guilty and was sentenced.

## ALLEGATIONS AND CLAIMS

Petitioner's factual allegations begin in August of 2004, when he sold drugs to a friend who did not have enough money for the drugs, and so, instead, the buyer gave Davis a pistol until he could raise the cash. Petitioner alleges that ten days later on August 19, 2004, "[p]ursuant to valid warrant," his house was searched and several possessions seized, including the ".45 caliber High Point pistol held as collateral."

---

[1] As this litigant is appearing *pro se,* his pleadings are held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations are taken as true and liberally construed in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001); *see also* 28 U.S.C. § 1915A(b). But the Court may dismiss a Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

Petitioner next alleges that on May 31, 2006, he was named in a two count information handed down in the United States District Court for the Southern District of Ohio. *United States v. Davis*, No. 2:06-CR-136. Davis was charged with one drug count, possessing with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(c); and one count of possession of a firearm in the furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c).

Petitioner further alleges that less than one month later, on June 21, 2006, he pled guilty to both crimes, and on October 4, 2006, he was sentenced, a one-year term of imprisonment on the Section 841 offense, and a consecutive five-year sentence on the firearm possession in furtherance of drug trafficking charge. He claims that he did not appeal his conviction or sentence, nor seek collateral relief via a Motion to the trial court under 28 U.S.C. § 2255.

However, the Petitioner alleges, he now has a claim springing from *Watson v. United States*, 128 S.Ct. 579 (2007), an intervening decision of the Supreme Court of the United States. He explains why *Watson* is important and why he is bringing the *Watson* claim in this Court, in the district in which he is incarcerated, as follows:

> Because of Watson, Petitioner's receipt of a gun in a trade for drugs is a non-criminal act, rendering petitioner "actually innocent" of the crime of conviction. Petitioner is ineligible for relief by motion under 28 U.S.C. § 2255 because Watson came down more than one year after his conviction had become final, and because more than one year has elapsed between Watson and this petition. Petitioner therefore qualifies to file this petition under the "savings clause" of Section 2255(e). See Lowe vs. Cauley, E.D. KY. No. 09-CV-045-HRW, 2009 WL 3055346, * 5 (E.D. KY. September 21, 2009).

Record No. 2. Further, Petitioner claims that he has now finished the Section 841 sentence and half of his Section 924(c) sentence.

Petitioner's legal argument, evidently copied from a treatise or case law, describes the changing definitions of "in furtherance of" and "during and in relation to," as set out in the statute.

2

He writes, "Courts have labored to differentiate the three prongs of Section 924(c)," and he cites *Bailey v. United States*, 116 S.Ct. 501 (1995) and other case law regarding the changing definitions of terms in the firearms statute.

Davis prays that this Court vacate his § 924 sentence based on *Watson* and order him immediately released from custody.

## DISCUSSION

On December 10, 2007, the Supreme Court of the United States issued *Watson v. United States*, 552 U.S. 74 (2007). In *Watson*, the Court held that receiving a firearm as payment for drugs does not constitute "use" of the firearm as that term is defined in 18 U.S.C. § 924(c). When a defendant had only *received* the firearm in payment for drugs, he was not engaging in criminal conduct, and therefore, a conviction for such use of a firearm under Section 924(c) cannot stand.

The Court is familiar with *Watson* and with *Lowe v. Cauley*, the District Court case upon which the instant Petitioner also relies. The undersigned presided over the *Lowe* case, in which another Section 2241 Petitioner in this district argued that since he only traded/received a pistol as collateral for drugs, his action was no longer criminal conduct after the 2007 *Watson* decision. The ultimate disposition on the *Watson* claim, however, was not decided by the undersigned.

This Court was poised to consider Petitioner Lowe's *Watson* claim on the merits. However, instead, on September 21, 2009, having been briefed on the analyses of other district courts, the Court decided to transfer the proceeding to the court "where Lowe was convicted and sentenced. . . . [T]he transfer will be without prejudice to Lowe's reinstating his habeas corpus petition in the district of confinement if the court of conviction should deny him relief on jurisdictional grounds." *Lowe vs. Cauley*, E.D. Ky., No. 09-CV-045-HRW, at D.E. 16; 2009 WL 3055346 at * 5. Lowe's

trial court granted him habeas relief the next month. *United States v. Lowe*, S.D. W.Va. No. 5-CR-061, D.E. 28.

The Court finds that the circumstances in this case are similar to those in *Lowe* and will handle the matter similarly. Last year, in the Order transferring Lowe's case to the Southern District of West Virginia, the Court noted that the Section 2255 Court/court of conviction and the Section 2241 Court were in different districts. Petitioner Lowe sought, as Petitioner Davis now seeks, to have a Section 2241 court invoke jurisdiction over claims that are normally beyond the pale of its authority. The Section 2241 courts had/have to be concerned about properly respecting a distant federal court's conviction. A transfer to that Court will honor that relationship.

Finally, now as before, this Court takes note of another habeas proceeding which was transferred from the Section 2241 court to the trial court. *Short v. Schultz*, No 08-186 (JBS), 2008 WL 305594 (D.N.J. January 28, 2008) (not reported), *transferred to Short v. Shultz*, No. 08-CV-057, 2008 WL 1984262 (W.D. Va. May 06, 2008) (denying relief on *Watson* claim on the merits), *affm'd Short v. Shultz*, 298 Fed.Appx. 246 (4th Cir. 2008), *cert. denied*, 129 S.Ct. 1376 (2009). Unlike the *Lowe* trial court, the trial court in *Short* ultimately decided the *Watson* claim against the Petitioner. However, both trial courts decided the *Watson* claim on the merits.

This Court prefers to give the trial court the same opportunity in this case.

## CONCLUSION

This Court finds the above referenced case law persuasive in their analyses of jurisdiction. Consistent with the same considerations, this Court will transfer the instant Section 2241 proceeding to the Southern District of Ohio, where Davis was convicted and sentenced. As in *Lowe* and *Short*, the transfer will be without prejudice to the Petitioner's re-filing another Section 2241 habeas corpus

4

petition in the district of his confinement if the court of conviction should deny him relief on jurisdictional grounds.

Accordingly, the Court being advised, it is **ORDERED** as follows:

1.  The Clerk of the Court shall **TRANSFER** Petitioner Davis' 28 U.S.C. § 2241 habeas proceeding herein, to the United States District Court for the Southern District of Ohio.

2.  The transfer of the instant action from this Court will be **WITHOUT PREJUDICE** to Davis' re-filing a habeas corpus petition with a *Watson* claim here or in wherever is his district of confinement, if the court of his conviction should deny him relief on jurisdictional grounds.

This May 26, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge